```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/14/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
:
RICHARD IFILL, :
                             Petitioner, :
: 21-CV-2993 (VEC)
         -against- :
:
: ORDER ADOPTING
: REPORT &
AMY LAMANNA, Superintendent, Five Points : RECOMMENDATION
Correctional Facility, :
                           Respondent. :
X
--------------------------------------------------------------------

VALERIE CAPRONI, United States District Judge:

       WHEREAS on April 7, 2021, Petitioner Richard Ifill filed a petition pursuant to 28 U.S.C. § 2254, Dkt. 1;

       WHEREAS Mr. Ifill alleges that the police lineup in which he was identified by a victim of a robbery and kidnapping was unduly suggestive, violating his federal constitutional right to Due Process, Dkt. 2 at 2;

       WHEREAS on April 9, 2021, the Court referred the petition to Magistrate Judge Parker for the preparation of a report and recommendation ("R&R") on this petition, Dkt. 4;

       WHEREAS after the petition was fully briefed, Judge Parker entered an R&R recommending that the Court deny Mr. Ifill's petition, Dkt. 13 at 27;

       WHEREAS in the R&R, Judge Parker notified the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), they had fourteen days to file written objections to the R&R's findings, *id.* at 28;

       WHEREAS after a court-ordered extension of his time to object, Mr. Ifill objected to the R&R on January 6, 2022, Dkt. 16;

WHEREAS the Respondent responded to Mr. Ifill's objections on January 27, 2022, Dkt. 20;

WHEREAS in reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1)(C);

WHEREAS when specific objections are made to the R&R, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to," Fed. R. Civ. P. 72(b)(3); *United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997);

WHEREAS where objections are "merely perfunctory responses argued in an attempt to . . . rehash[] the same arguments set forth in the original papers," a "district court need only find that there is no clear error on the face of the record in order to accept the Report and Recommendation," *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (cleaned up);

WHEREAS Mr. Ifill's objections are both conclusory and duplicative of past arguments, *see* Dkt. 16 at 8 (stating that the lineup identification was unduly suggestive because petitioner was the only bald man in the lineup), *id.* at 9 (stating that the lineup identification was not independently reliable under the five-factor analysis set forth in *Neil v. Biggers*, 409 U.S. 188, 199 (1972)); Dkt. 16 at 11 (asserting Judge Parker should have included a harmless error analysis because of errors in her substantive analysis);

WHEREAS because Mr. Ifill's objections are perfunctory and not substantive, the Court may accept the R&R if there is no clear error on the face of the record;

WHEREAS an error is clear when the reviewing court is left with a "definite and firm conviction that a mistake has been committed," *see Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) (quoting *McAllister v. United States*, 348 U.S. 19, 20 (1954)); and

WHEREAS careful review of the R&R reveals that there is no clear error.

2

IT IS HEREBY ORDERED that the R&R is adopted in full, and Petitioner's petition is DENIED.

IT IS FURTHER ORDERED that the Court declines to issue a certificate of appealability.  Petitioner has not made a substantial showing of a denial of a federal right pursuant to 28 U.S.C. § 2253(c), and appellate review is therefore not warranted.  *See Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005).

IT IS FURTHER ORDERED that the Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

IT IS FURTHER ORDERED that the Clerk of Court is respectfully directed to terminate the open motion at docket entry 1.

**SO ORDERED.**

Date:  July 14, 2022
New York, NY

_____
**VALERIE CAPRONI
United States District Judge**