USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 09/23/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X
:
RICHARD IFILL,                                                      :
                           Petitioner,                        :
:  21-CV-2993 (VEC)
      -against-                                                     :
:
:  OPINION & ORDER
:
AMY LAMANNA, Superintendent, Five Points                            :
Correctional Facility,                                              :
                         Respondent.                      :
X
-------------------------------------------------------------------

VALERIE CAPRONI, United States District Judge:

On April 7, 2021, Petitioner Richard Ifill, proceeding *pro se*, filed a petition pursuant to 28 U.S.C. § 2254, *see* Pet., Dkt. 1, and on July 14, 2022, the Court entered an order adopting Magistrate Judge Parker's Report and Recommendation ("R&R") denying the petition, *see* Order, Dkt. 24. On July 28, 2022, Petitioner filed a motion for reconsideration asking the Court either to reverse its decision not to grant a certificate of appealability or to strike the language from its July 14, 2022, Order "that any appeal from this order would not be taken in good faith." Pet. Mem., Dkt. 26; Order, Dkt 24 at 3. For the reasons stated below, Petitioner's motion is DENIED.

## BACKGROUND

Mr. Ifill "was convicted of robbery in the first degree, kidnapping in the second degree, and two counts of robbery in the second degree" in New York state court. R&R, Dkt. 13 at 1. The victim, a cab driver, picked up two male passengers who attacked him, threatened to kill him, robbed him, bound him, and forced him to the floor of his cab. *Id.* at 1–2. The victim described one of the perpetrators as "a fifty-five-year-old man weighing 165 pounds with dark

skin tone" who wore a hat. *Id.* at 3. Mr. Ifill was arrested after the police retrieved his DNA from a roll of tape and a black plastic bag left in the cab. *Id.* at 3–4.

The victim "immediately" identified Mr. Ifill in a photo array featuring five other individuals who looked similar to Mr. Ifill, and all of whom were bald. *Id.* at 4. The victim again identified Mr. Ifill in a police lineup with four other individuals, none of whom was completely bald but all of whom "had short hair or were partially bald." *Id.*

Mr. Ifill has unsuccessfully challenged his conviction three times: first, by appealing his conviction to the Appellate Division, which affirmed his conviction; second, by unsuccessfully seeking leave from the Court of Appeals to appeal the Appellate Division's decision; and third, by filing a writ of habeas corpus in this Court. *Id.* at 1. In his habeas petition, Mr. Ifill argued that, because the victim was first presented with a photo array consisting entirely of bald individuals, and Petitioner was the sole bald individual in the police lineup, the lineup was unduly suggestive. Mr. Ifill also argued that the victim's identification was not independently reliable and that any constitutional error that resulted from the lineup was not harmless. *Id.* at 8–9.

## DISCUSSION

### I. Legal Standard

"[A] state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition." *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003). To appeal a district court's decision declining to issue a writ of habeas corpus, a prisoner in state custody must first obtain a certificate of appealability. *See id.* at 335–36. A district court may only issue a certificate of appealability upon "a substantial showing of the denial of a constitutional right." *Id.* at 336 (internal quotation omitted). To meet this standard, "a petitioner

must show that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (cleaned up).

In order for an appeal to proceed *in forma pauperis*, the district court must first certify that an appeal from the Court's order would be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). As the Supreme Court has stated, courts must evaluate good faith "by an objective standard. We consider a defendant's good faith . . . demonstrated when he seeks appellate review of any issue not frivolous." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). To ensure that individuals proceeding *in forma pauperis* may proceed on equal footing as litigants who can pay, courts may only decline to certify that an appeal would be taken in good faith "in the same circumstances as a proceeding would be dismissed as frivolous if the filing fee had been paid" rather than "simply affirming the judgment." *Thornton v. Reynolds*, 2001 WL 845452, at *3 (S.D.N.Y. July 26, 2001) (citing *Coppedge*, 369 U.S. at 447–48). A lawsuit is "frivolous" if it spouts "inarguable legal conclusions" or "fanciful factual allegations." *Tafari v. Hues*, 473 F.3d 440, 442 (2d Cir. 2007) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)) (cleaned up).

**II.    An Appeal of the Court's Order Would Be Frivolous**

Upon reconsideration, the Court adheres to its earlier decision not to issue a certificate of appealability and declines to strike the language from its July 14, 2022, Order stating that any appeal would not be taken in good faith. There is no room for reasonable debate among jurists as to whether the petition of habeas corpus should have been granted. Habeas petitions brought pursuant to § 2254 may be only granted if the state court's analysis "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly establish Federal law," which is limited to the holdings of the United States Supreme Court. *White v. Woodall*, 572 U.S.

415, 419 (2014) (quoting *Howes v. Fields*, 565 U.S. 499, 505 (2012)). As the R&R explained, there are no holdings in any opinion from the United States Supreme Court that clearly stand in contradiction to the state court's decision, *see* R&R at 13–16, nor does Petitioner suggest that the Court has overlooked any such case.

Even if Mr. Ifill were correct that the lineup was unduly suggestive, which he is not, the record contains ample evidence to support Mr. Ifill's conviction apart from the victim's identification of Mr. Ifill. The victim's identification of Mr. Ifill was independently reliable because he had multiple opportunities to observe Mr. Ifill and identified him with certainty in both the photo array and the police lineup. R&R at 21–23.

Furthermore, Mr. Ifill's DNA was present on the tape and bag found inside the cab. R&R at 4. While the R&R did not reach the harmless error analysis, the Court notes that the existence of physical evidence of Mr. Ifill's presence at the crime scene weighs strongly in favor of finding that, even if Mr. Ifill's lineup had been unduly suggestive and the victim's identification of him were not independently reliable, any error would have been harmless. "In making a determination of harmless error, the court looks to the record as a whole, considering the overall strength of the prosecution's case, the importance of the improperly admitted evidence, and whether the evidence was emphasized at trial." *Brown v. Keane*, 355 F.3d 82, 92 (2d Cir. 2004); *see also Raheem v. Kelly*, 257 F.3d 122, 142 (2d Cir. 2001), *cert. denied*, 534 U.S. 1118 (2002). This includes evidence "supportive of a finding of guilt." *Raheem*, 257 F.3d at 141.

Given the overwhelming weight of evidence against Mr. Ifill and the absence of any Supreme Court holdings that are clearly contrary to the state court's decision, it is an "inarguable legal conclusion" that Mr. Ifill suffered no violation of his constitutional rights meriting the

issuance of a writ of habeas corpus. *Tafari*, 473 F.3d at 442 (cleaned up). Accordingly, the Court correctly declined to issue a certificate of appealability or to certify that an appeal would be taken in good faith. "Indigent or otherwise disadvantaged litigants are afforded a certain degree of leeway in the in the American court system," but "the court's generosity has its limits." *Tafari*, 473 F.3d at 440.

## CONCLUSION

For the reasons stated above, Petitioner's motion for reconsideration is hereby DENIED. The Clerk of Court is respectfully directed to close the open motion at docket entry 26.

**SO ORDERED.**

Date: September 23, 2022
New York, NY

**VALERIE CAPRONI**
**United States District Judge**